Eastern District of Kentucky
FILED
Oct - 19 2026
Robert R. Carr
Clerk, U.S. District Court

AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Eastern District of Kentucky

United States of America
v.
Preston Strittholt

Defendant(s)

Case No. 2:26-MJ-2640-CJS

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of September 20, 2026 in the county of Kenton in the Eastern District of Kentucky, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. § 2252(a)(4)(B) | Possession of Child Pornography |

This criminal complaint is based on these facts:

See attached affidavit of FBI Special Agent Robert Reed.

☑ Continued on the attached sheet.

Robert Reed by CJS w/ permission

*Complainant's signature*

Robert Reed, Special Agent, FBI

*Printed name and title*

After verifying identity, Complainant swore to the Complaint by telephone, and it was signed for Complainant with consent, the process complying with Federal Criminal Rules 4.1 and 4(d), the Court having received the Complaint and having transmitted the Arrest Warrant, by email.

Signed By:
**Candace J. Smith**
**United States Magistrate Judge**

Date: 10/19/2026

*Judge's signature*

City and state: Covington, Kentucky

Candace J. Smith, United States Magistrate Judge

*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Special Agent Robert Reed, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent with the Federal Bureau of Investigation (FBI) and have been so employed since May 2017. As such, I have investigated crimes related to child sexual exploitation and received specialized training in these areas. I have participated in all steps of criminal investigations into child pornography and child sexual exploitation offenses. I am a "law enforcement officer" within the meaning of 18 U.S.C. § 2510(7), empowered to investigate violations of federal law.

2. This affidavit is intended to show that there is sufficient probable cause for the requested warrant and does not set forth all my knowledge about this matter. The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses. I have not included every fact known to me concerning this investigation; rather, I have set forth only the facts that are necessary for the limited purpose of establishing probable cause for the issuance of a Criminal Complaint and an arrest warrant.

## PROBABLE CAUSE

3. On July 13, 2025, the FBI National Threat Operations Center received an anonymous complaint against Preston Strittholt ("Strittholt"). The complainant alleged that Strittholt had a cell phone in which he possessed a video of himself engaged in

"sexual acts on a 9 year old girl who mom brought to his house for drug money, and watch child porn on main phone." The complainant further alleged that Strittholt admitted that he "actually did it with kids and recorded it on their second android phone" and that "a mom brought the daughter over and he paid her, he asked could he pay her mom $500 to bring the daughter over." Finally, the complainant stated that Strittholt's date of birth was a date in 2000, that his telephone number was 859-414-7730, and that he resided in Fort Mitchell, Kentucky.

4. Law enforcement and open-source reporting checks for Strittholt confirmed that he was actually born on a date in 2001, that he was associated with phone number 859-414-7730, that he resided at an apartment in Fort Mitchell, Kentucky, and that he was associated with Gmail addresses prestonstrittholt@gmail.com, prestonstrittholt12@gmail.com, and prestonstrittholt217@gmail.com.

5. On July 22, 2025, law enforcement attempted to contact Strittholt at the Fort Mitchell apartment associated with Strittholt. Law enforcement was unable to make contact with anyone in the apartment and no sounds were heard inside, but they did observe the name "Preston Strittholt" on the mailbox for that apartment.

6. On April 24, 2026, I emailed the National Center for Missing and Exploited Children (NCMEC) and requested that they provide any CyberTip reports related to Strittholt including Gmail addresses prestonstrittholt12@gmail.com and prestonstrittholt@gmail.com. NCMEC responded with two CyberTips: CT195773724 and CT215377443. I obtained and reviewed copies of both CyberTips.

7. CyberTip CT195773724 was reported to NCMEC by Snapchat, a social media company, on June 25, 2024. Snapchat reported that Snapchat user, "prince-preston1"—with associated phone number 859-414-7730, reported date of birth in 2001, and email address prestonstrittholt12@gmail.com—uploaded a file titled "prince-preston1-None-cb44ff94-2375-5556-aadd-6ad07cbe4a51~1288 71b63354f8-content.mp4" to Snapchat's servers. I obtained a copy of this file and determined that it was a video depicting a prepubescent girl urinating on a bathroom floor, masturbating with her hands, and then inserting a toothbrush into her vagina.

8. CyberTip CT 215377443 was reported to NCMEC by Snapchat on July 4, 2025. Snapchat reported that Snapchat user "emilysheets101"—with associated display name "Preston" and email address prestonstrittholt@gmail.com—was reported for sending another user a video of a child performing oral sex on an adult male. Based on my review of the CyberTip, I determined that Snapchat username "emilysheets101" and display name "Preston" uploaded two video files to Snapchat, both of which are substantially the same, and which depict a prepubescent girl performing oral sex on an adult male.

9. On September 20, 2026, Strittholt was arrested for Public Intoxication in Erlanger, Kenton County, Kentucky. Strittholt was transported to, and then lodged in, the Kenton County Detention Center (KCDC) in Covington, Kentucky. An Apple iPhone (hereinafter, the "iPhone") was lodged into his property at the KCDC. On September 23,

2026, I seized the iPhone from the KCDC and transported it to the FBI office in Fort Mitchell.

10. I obtained a search warrant for the iPhone on October 9, 2026. On October 14, 2026, I used forensic technology to extract data from the iPhone. I then used Cellebrite to process the extraction and generate a digital report called a Cellebrite Reader. I reviewed the Cellebrite Reader for the iPhone and I also manually reviewed the iPhone.

11. Evidence from the iPhone shows the iPhone belongs to Strittholt. For example, I am aware of Strittholt's facial features based on his driver's license photograph. The photos application on the iPhone contains multiple "selfie" photographs of Strittholt. Strittholt's name is associated with the Apple account used on the iPhone. Finally, the name "Preston Strittholt" and Gmail addresses prestonstrittholt99@gmail.com, prestonstrittholt12@gmail.com, and prestonstrittholt@gmail.com are associated with user accounts on the iPhone.

12. In my review of the iPhone, I found the following three video depictions involving the use of a minor engaging in sexually explicit conduct:

a. IMG_0344.MP4 depicts a prepubescent girl displaying her vagina and masturbating. At various points in the 1 minute and 10 second video, it is evident that the video is a screen recording of a video being streamed on the social media platform "X" (formerly known as Twitter). File data for the video shows that it was recorded directly by the iPhone. Specifically, the

file data shows that it was captured by the device by virtue of the screenshot application. Based on my training and experience, I know that iPhones allow users to record their screen using the screenshot application. Therefore, the file data shows that the iPhone captured the video from X and saved it to the iPhone.

b. IMG_0345.MP4 depicts a prepubescent girl displaying her vagina and anus. At various points in the 17 second video, it is evident that this video is also a screen recording of a video being streamed on X. The file data for this file also shows that the iPhone captured the video from X and saved it to the iPhone just like IMG_0344.MP4.

c. IMG_0352.MP4 depicts a prepubescent girl displaying her vagina and masturbating. At various points in the 40 second video, it is evident that this video is also a screen recording of a video being streamed on X. The file data for this file also shows that the iPhone captured the video from X and saved it to the iPhone just like IMG_0344.MP4 and IMG_0345.MP4.

13. Based on my training and experience, I know that Apple iPhones are designed by Apple Inc. in Cupertino, California, and are assembled outside of the United States. Additionally, I know that X requires an internet connection to post video content. Because the video depictions described above were posted on X, I know that those visual depictions were transported in interstate or foreign commerce. Additionally, because the video depictions were captured by the iPhone, and therefore reproduced, I know that the

video depictions were produced using materials (the iPhone) which had been mailed, shipped, or transported in interstate commerce.

14. Based on the above, probable cause exists that on September 20, 2026, Preston Strittholt, violated Title 18 U.S.C. § 2252(a)(4)(B) (Possession of Child Pornography), in Kenton County, Kentucky, in the Eastern District of Kentucky.

15. I state that the above information is true and correct to the best of my knowledge and request that this Criminal Complaint and corresponding arrest warrant be issued.

Respectfully submitted,

Robert Reed by CJS w/ permission

Robert Reed
Special Agent
Federal Bureau of Investigation

Sworn to before me by the Affiant via telephone and subscribed for the Affiant with his consent this 19th day of October, 2026.

**Signed By:**
***Candace J. Smith*** CJS
**United States Magistrate Judge**

**PENALTIES:**

Not more than 10 years' imprisonment, a $250,000 fine, and supervised release for not less than 5 years and up to life.

Mandatory special assessment of $100.

Pursuant to Section 101 of the Justice for Victims of Trafficking Act of 2015, an additional assessment of $5,000 applies to any non-indigent person or entity convicted of Chapter 110 crimes.